UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON A. TREDENICK, ) | |
| Plaintiff, ) | |
| ) | No. 1:25-cv-139 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| SIDNEY STATE BANK, ) | |
| Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Aaron TreDenick asserts both federal and state law claims. Plaintiff filed this lawsuit without the assistance of counsel and he has been granted leave to proceed *in forma pauperis.* The Magistrate Judge reviewed the complaint and issued a report recommending the Court dismiss the federal claims with prejudice and dismiss the state law claims without prejudice (ECF No. 7). Plaintiff filed an objection (ECF No. 8).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge identifies problems for each of the purported violations of federal law. Plaintiff does not specifically address the problems identified in the R&R with

his claim for bankruptcy fraud. Plaintiff also does not specifically address the problems identified in the R&R with his RESPA claim.

The Magistrate Judge explains three reasons why Plaintiff's Due Process claim must fail: (1) to the extent Plaintiff's claim arises from the foreclosure proceeding, Plaintiff received notice and opportunity (due process) in that proceeding; (2) to the extent Plaintiff's claim arises from the outcome of the state-court action, this Court lacks jurisdiction over the claim; and (3) to the extent Plaintiff's claim rests on alleged fraud committed by Defendant in the state-court proceeding, Plaintiff must pursue his remedies in the state courts.

Plaintiff does not challenge any of these conclusions. Rather, Plaintiff attempts to explain and summarize the events giving rise to his Due Process claim. As examples, Plaintiff contends he was never given notice of a June 5, 2018, default letter. Plaintiff blames Nationwide Bank for failing to list creditors' names on a settlement check. He asserts that Sidney Bank gave him only 10 days to cure a default rather than 30 days. And, Plaintiff argues that the state circuit court entered a judgment against him based on fraud. Plaintiff's objections do not address the deficiencies in his Due Process claim identified by the Magistrate Judge.

Finally, Plaintiff suggests that he may need to amend his complaint. (ECF No. 8 PageID.86). The Court finds that any amendment would be futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). As explained in the R&R, Plaintiff cannot state a claim based on what occurred in the state-court proceedings or what occurred as a result of the state-court proceedings.

3

The Magistrate Judge concludes that any appeal would not be taken in good faith, which Plaintiff does not address. The Court agrees with the Magistrate Judge that any appeal would be futile and not take in good faith. The Court concludes that reasonable jurists would not disagree with the manner in which the Court resolved Plaintiff's claims.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 7).

**IT IS SO ORDERED.**

Date:   March 11, 2025                              /s/  Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge